**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREW F. AKHDARY,

        Plaintiff,

v.                                                 Case No. 8:07-cv-395-T-24TBM

BLACKBIRD TECHNOLOGIES, INC.

        Defendant.

_____/

**O R D E R**

This cause comes before the Court for consideration of Plaintiff's Motion for Remand (Doc. No. 3) and Defendant's Motion to Dismiss (Doc. No. 4) and Motion for Judgment on the Pleadings (Doc. No. 7). Defendant filed a response to the Motion to Remand (Doc. No. 5) and Plaintiff opposes Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings (Doc. Nos. 8 and 9).

**I.**     **Background**

The complaint in this action was filed in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, on February 14, 2007 (Doc. No. 2). On March 2, 2007, Defendant filed a timely Notice of Removal for this case, pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1332 (Doc. No. 1).

In the complaint, Plaintiff alleges that in August of 2006, he was deployed to Iraq as a civilian employee of Defendant and was to provide contractual intelligence services for the Department of Defense (Doc. No. 2, ¶¶ 6 and 9). Plaintiff also alleges that he had obtained and held Top Secret security clearance for approximately twenty-seven years (Doc. No. 2, ¶ 7).

Plaintiff further alleges that around the time of his deployment, he was tentatively offered a position with the U.S. Civil Service, as a top grade G.S. 13, upon his return from Iraq (Doc. No. 2, ¶ 8). Plaintiff's employment with Defendant was terminated (Doc. No. 2, ¶18). Plaintiff alleges that his offered position with the U.S. Civil Service was subsequently withdrawn due to published allegations and statements about him made by Defendant (Doc. No. 2, ¶19). Plaintiff further alleges that he has continued to attempt to obtain work, but due to Defendant having published an "incident report," his Top Secret security clearance was placed on hold (Doc. No. 2, ¶20). Additionally, Plaintiff alleges that Defendant has published false allegations against him throughout the intelligence community (Doc. No. 2, ¶¶21 and 22).

Plaintiff asserts claims for defamation (libel)(Count I), defamation (slander)(Count II), invasion of right to privacy (Count III), interference with business relations (Count IV), injurious falsehoods (Count V), and intentional infliction of emotional distress (Count VI) regarding the circumstances surrounding his termination from employment with Defendant. Plaintiff does not make a request for a specific amount of damages but seeks, in part, "lost wages in the past and future" and "lost business."

**II.    Discussion**

**A.    Plaintiff's Motion to Remand**

Under § 1441, a defendant may only remove an action from state court to federal court if the federal court would possess original jurisdiction over the subject matter. In this case, the source of original jurisdiction is in Title 28 U.S.C. §1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Section

1441, the removal statute, is construed narrowly by the removal court.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (Stone, C.J.); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, all uncertainties are resolved in favor of remand.  See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Burns, 31 F.3d at 1095.

Plaintiff moves this Court to remand the case to state court for lack of subject matter jurisdiction.  Plaintiff argues that since he made an unspecified demand for damages in the state court complaint, there is not an amount in controversy in excess of $75,000.00.  Specifically, Plaintiff asserts that Defendant offers insufficient facts to support its assertion that the jurisdictional amount has been met.

The uncertainties here involve the minimum amount in controversy necessary for this Court to exercise jurisdiction pursuant to § 1332 (and thus, § 1441).  In determining the amount in controversy, the Court looks first to the complaint.  See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998).  In the complaint, Plaintiff only states that "[t]his is an action which exceeds Fifteen Thousand Dollars ($15,000)"  (Doc. No. 2, ¶1).

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement."  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000).  In its Notice of Removal, in support of its position that the jurisdictional amount in controversy has been met, Defendant attached Salary Table 2007-RUS which lists the lowest possible salary that Plaintiff could have made at a G.S.

13 level as $75,414 (Doc. No. 1, Exh. B).  The highest possible salary listed that Plaintiff could have made at a G.S. 13 level is $98, 041 (Doc. No. 1, Exh. B).  Using the submitted G.S. 13 salary range of $75,414 - $98,041 as a general measure for Plaintiff's unspecified lost future wages and business as compensatory damages establishes that the amount in controversy more likely than not exceeds $75,000.

Therefore, the Court finds that Defendant has proved by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.  Therefore, Plaintiff's motion to remand is denied.  Likewise, having determined that this case should not be remanded, the Court denies Plaintiff's request for attorneys' fees and costs.

**B.** **Defendant's Motion to Dismiss**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

Defendant moves to dismiss Plaintiff's complaint in its entirety arguing that all the statements it allegedly made are absolutely privileged   Specifically, Defendant argues that since it is required by law to report "adverse information coming to [its] attention concerning any of [its security] cleared employees" it enjoys immunity from any action premised on the filing of an incident report[1] with the Department of Defense pursuant to § 1-302 of the National Industrial Security Program Operating Manual ("NISPOM").  Defendant also contends it was required to file a "changed in cleared status report" with respect to the termination of Plaintiff.  Plaintiff responds that Defendant does not enjoy absolute privilege and/or did not properly comply with §1-302 of NISPOM.  Plaintiff further contends that Defendant waived any privilege by disseminating information contained in the adverse information report to parties outside those intended under NISPOM.

Defendant argues that as a government defense contractor dealing with classified information it is governed by NISPOM.  Plaintiff contends that this assertion is beyond the four corners of the complaint.  Notwithstanding, to consider Defendant's motion to dismiss the Court will briefly consider those portions of NISPOM cited and provided by Defendant.  Generally speaking, NISPOM controls the reporting of adverse information by federal government contractors to the Department of Defense, and other federal agencies, with respect to any employee with security clearances (Doc. No. 4, Exh. A).  NISPOM states in relevant part:

> **a.    Adverse Information**.  Contractors shall report adverse information coming to their attention concerning any of their cleared employees.  Reports based on rumor or innuendo should not be made.  The subsequent termination of employment of an employee does not obviate the requirement to submit this

---

[1] Defendant states the "incident report" was filed with the Department of Defense and is officially known as an adverse information report (Doc. No. 4 at 3).

5

> report. If the individual is employed on a Federal installation, the contractor shall furnish a copy of the report and its final disposition to the commander or head of the installation.
>
> NOTE: In two court cases, Becker vs. Philco and Taglia vs. Philco (389 U.S. 979), the U.S. Court of Appeals for the 4th Circuit decided on February 6, 1967, that a contractor is not liable for defamation of an employee because of reports made to the Government under the requirements of this Manual and its previous versions.
>
> **c.      Change in Cleared Employee Status.**  Contractors shall report: (1) the death; (2) a change in name; (3) the termination of employment; (4) change in citizenship; and (5) when the possibility of access to classified information in the future has been reasonably foreclosed. The CSA shall designate the appropriate reporting mechanism.

§ 1-302(a) and (c). "Adverse information" is defined as "[a]ny information that adversely reflects on the integrity or character of a cleared employee, that suggests that his or her ability to safeguard classified information may be impaired, or that his or her access to classified information clearly may not be in the interest of national security." NISPOM at C-1.

Here there is insufficient evidence before this Court for it to determine whether Defendant is entitled to immunity. Specifically, the adverse information report is not before the Court and it not clear the circumstances under which the adverse information report was generated or to what entity or entities Defendant submitted the adverse information report. As such, even as an initial matter, the Court cannot determine whether Defendant properly submitted the adverse information report. Additionally, even if Defendant were entitled to immunity based upon the adverse information report allegedly submitted to the Department of Defense pursuant to federal regulations, Plaintiff's complaint is not limited solely to the adverse information report. Plaintiff has alleged that Defendant made additional statements, both written and verbal, to the U.S. Civil Service and the intelligence community (Doc. No. 2, ¶¶ 19 - 22). As such, Defendant's motion to dismiss is denied.

### C. Defendant's Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings arguing that Plaintiff did not file and serve a timely response in opposition to its motion to dismiss. Therefore, Defendant contends that by filing and serving its Answer and Affirmative Defenses (Doc. No. 6), it has shown that the complaint fails to state a claim. Defendant's motion to dismiss was filed on March 12, 2007, therefore, Plaintiff's response was not due until March 29, 2007. Plaintiff filed his response in opposition to Defendant's motion to dismiss on March 29, 2007 (Doc. No. 8). As such, Plaintiff's response was timely. Therefore, Defendant filed its motion for judgment on the pleadings prematurely and it is denied.

### III. Conclusion

It is **ORDERED AND ADJUDGED** that:

(1)  Plaintiff's Motion to Remand (Doc. No. 3) is **DENIED**.

(2)  Defendant's Motion to Dismiss (Doc. No.7) is **DENIED**.

(3)  Defendant's Motion for Judgment on the Pleadings (Doc. No. 8) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record