UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW F. AKHDARY,

      Plaintiff,

v.                                Case No. 8:07-cv-395-T-24 TBM

BLACKBIRD TECHNOLOGIES, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Dismissal Without Prejudice (Doc. No. 28).

Rule 41(a)(2) of the Federal Rules of Civil Procedure states, in relevant part, that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A voluntary dismissal without prejudice is not a matter of right, and when determining whether to grant a voluntary dismissal without prejudice, a court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists primarily for protection of defendants. *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502-1503 (11th Cir. 1991) (citing *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990)).

In his motion, Plaintiff states that he has been unable to find adequate representation since the withdrawal of his attorney (Doc. No. 27), and is therefore unable to continue the prosecution of his case at this time. Plaintiff seems to indicate that he intends to refile his lawsuit once he is able to secure representation. Plaintiff filed his complaint in state court on

February 14, 2007. Defendant then removed the action to this Court on March 2, 2007. Defendant does not object to the dismissal, but states that the parties have engaged in extensive discovery, and that Defendant has expended significant time and resources defending this action. As such, Defendant requests that the Court condition Plaintiff's dismissal without prejudice on the following: (1) Plaintiff's payment of the fees and costs incurred by Defendant in defending this action; (2) permitting the parties to use the discovery already exchanged in any subsequently filed action; and (3) requiring that if Plaintiff refiles his complaint, he must do so in the United States District Court for the Middle District of Florida, Tampa Division.

After weighing the interests of Defendant against Plaintiff's explanation for the need to dismiss the action, the Court concludes that Plaintiff's motion will be granted on the condition that Plaintiff reimburse Defendant for the reasonable attorney fees and costs incurred in defending this action. The Court finds these conditions to be fair in that they relieve the financial burden that has been imposed on Defendant in litigating this case.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Dismissal Without Prejudice (Doc. No. 28) is **GRANTED IN PART AND DENIED IN PART**;

(2) This action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is ordered to close the case and terminate all pending motions;

(3) Plaintiff shall reimburse Defendant for reasonable attorney fees and costs incurred in defending this action. Defendants shall file supporting materials, including affidavits and time records setting forth the fees and costs incurred;

(4) If Plaintiff deems the condition imposed by the Court too burdensome, he may

either move to withdraw his Motion for Dismissal Without Prejudice and to vacate this Order by October 25, 2007, or move to withdraw his Motion for Dismissal Without Prejudice and file a Motion for Dismissal With Prejudice.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of October, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record