UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW F. AKHDARY,

       Plaintiff,

v.                                               Case No.  8:07-cv-395-T-24 TBM

BLACKBIRD TECHNOLOGIES, INC.,

       Defendant.

_____/

## **ORDER**

This cause comes before the Court on Plaintiff Andrew F. Akhdary's Motion for

Rehearing and Reconsideration (Doc. No. 32).  In this motion, Plaintiff asks the Court to

reconsider its order granting in part Plaintiff's motion to dismiss without prejudice (Doc. No.

30).

On September 26, 2007, Plaintiff, appearing *pro se*, filed a motion to dismiss without

prejudice (Doc. No. 28).  On October 3, 2007, Defendant Blackbird Technologies, Inc. filed its

response, which also included a motion that conditions be placed on the Plaintiff's requested

dismissal without prejudice (Doc. No. 29).  However, Defendant failed to docket the motion

within its response as a separate entry, and so on October 11, 2007, the Court entered an Order

granting Plaintiff's motion to dismiss without prejudice and imposed the condition that Plaintiff

reimburse Defendant for reasonable attorney fees and costs, without waiting for Plaintiff to

respond to Defendant's motion.  One day after the Court entered this order, Plaintiff filed his

response to Defendant's motion to impose terms and conditions on the dismissal (Doc. No. 31).

On October 15, 2007, Plaintiff filed the instant motion seeking reconsideration of the

Court's order dismissing this case without prejudice.  In his motion, Plaintiff correctly points out that he timely responded to Defendant's motion to impose terms and conditions on the dismissal without prejudice, and argues that his response shows why the Court should not have imposed the condition that Plaintiff reimburse Defendant for reasonable attorney fees and costs.  Plaintiff contends that, in light of the information provided in his response, the Court should reconsider its order granting the dismissal without prejudice.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that  reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).  Plaintiff seems to argue that his motion is based on the need to correct clear error or to prevent manifest injustice.

The Court, having now considered all of the relevant documents, including Plaintiff's Response to Defendant's Motion to Impose Terms and Conditions on Voluntary Dismissal, finds that reconsideration of its order dismissing the instant case without prejudice is not warranted.  Plaintiff has not shown the Court why requiring Plaintiff to pay Defendant's reasonable attorney fees and costs for litigation, in exchange for the dismissal without prejudice, was either a clear error or manifestly unjust.  Imposing the condition that Plaintiff pay Defendant's attorney fees and costs is fair and reasonable, in that it relieves the financial burden that has been imposed on Defendant in litigating this case for the past seven months.  The Court also notes that its order provided Plaintiff with alternatives to the condition imposed.  Specifically, the Court stated that

2

"[i]f Plaintiff deems the condition imposed by the Court too burdensome, he may either move to withdraw his Motion for Dismissal Without Prejudice and to vacate this Order by October 25, 2007, or move to withdraw his Motion for Dismissal Without Prejudice and file a Motion for Dismissal With Prejudice."

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 32) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of October, 2007.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff

3